# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| SHRI BALAJI GLOBAL INC. | * | CIVIL ACTION NO. |
| | * | |
| | * | SECTION " " ( ) |
| VERSUS | * | |
| | * | JUDGE |
| *M/V ALIKI PERROTIS,* | * | |
| HER TACKLE, EQUIPMENT | * | MAG. JUDGE |
| AND APPURTENANCES, *in rem*, and | * | |
| Pajson Trading DMCC and Alikon Corp., | * | |
| *in personam* | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## VERIFIED COMPLAINT FOR MARITIME ARREST & ATTACHMENT

NOW INTO COURT, through undersigned counsel, comes Plaintiff, Shri Balaji Global Inc. ("Shri"), and for its complaint for maritime attachment and arrest in aid of foreign arbitration against the motor vessel ALIKI PERROTIS (IMO No. 9715799), her tackle, equipment, and appurtenances, *in rem*, and Pajson Trading DMCC and Alikon Corporation, *in personam* (collectively "Defendants"), represent as follows:

1.

Plaintiff Shri is foreign corporation headquartered in Gondia Maharashtra, India.

2.

The *in rem* defendant, the motor vessel ALIKI PERROTIS, is a bulk carrier approximately 198 meters in length and 32.26 meters in width, bearing IMO No. 9715799, which is now or will be during the pendency of this action located in this judicial district and over which this Court has (or will have) *in rem* jurisdiction.

3.

The *in personam* defendant, Pajson Trading DMCC, is upon information and belief, a foreign corporation headquartered outside the United States, with an address at Office C, 24th Level, Gold Tower, Cluster 1, Dubai, United Arab Emirates.  At all material times, Pajson Trading was the charterer or disponent owner of the ALIKI PERROTIS.  As shown by the attached affidavit of counsel for plaintiff, Pajson Trading cannot be found within this District.

4.

The *in personam* defendant, Alikon Corporation, is upon information and belief, a foreign corporation headquartered outside the United States, with an address of 59 Konstantinou Karamanli Street, Marousi, 152 25 Athens, Greece.  At all material times, Alikon Corp. was the registered owner of the ALIKI PERROTIS.  As shown by the attached affidavit of counsel for plaintiff, Alikon Corp. cannot be found within this District.

5.

This is an action under the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, and the New York Arbitration Convention, 9 U.S.C. § 201 *et seq.*, for security pending London arbitration of plaintiff's claims for mis-delivery of plaintiff's cargo carried in foreign commerce by the defendant vessel according to one mor more maritime contracts: a charterparty and bill of lading that include an arbitration clause.  The Court has jurisdiction according to 9 U.S.C. § 203 (jurisdiction; amount in controversy) and 28 U.S.C. § 1331 (federal question).  The Court also has jurisdiction according to 28 U.S.C. § 1333 (admiralty).  Accordingly, the basis of jurisdiction is a cause of action otherwise justiciable in admiralty within the meaning of 9 U.S.C. § 8 (proceedings begun by libel in admiralty and seizure of vessel or property).  This case also presents an admiralty and maritime

claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and Rules B and C

of the Supplemental Rules of Certain Admiralty and Maritime Claims.

6.

Venue is appropriate in this judicial district according to 28 U.S.C. § 204 (venue) and the

general venue rules as the M/V ALIKI PERROTIS is or will be within its boundaries.

7.

Pajson Trading, DMCC, as Disponent Owners of the M/V ALIKI PERROTIS, and Shri,

as charterers, entered into a binding GENCON charterparty dated June 15, 2021 (true copy

attached as Exhibit 1), a maritime contract, whereby the M/V ALIKI PERROTIS was to transport

a minimum of 650,000 MT of Long Grain Parboiled Rice (the "Cargo") in 13,000 bags, each bag

weighing approximately 50 Kg, from Kakinada, India to Cotonou, Benin.

8.

Pursuant to the charterparty, Plaintiff had entrusted the Cargo to be loaded on board the

M/V ALIKI PERROTIS.

9.

Upon receipt of the Cargo, Spartans Marine Services Private Limited, on behalf of the

Master of the Defendant vessel, issued a Bill of Lading, No. AP-KKD-31, dated August 21, 2021

(true copy attached as Exhibit 2).

10.

Plaintiff paid the entire freight, upon receipt of Invoice bearing No. PAJ/2021/AP-010.

Additionally, the Bill of Lading issued bears a mark "Freight Advance" and "Freight Prepaid,"

which indicates that the Cargo for carriage had been received by the Defendants.

11.

It was also agreed between the parties that the Cargo would be delivered upon surrender of the Original Bill of Lading; although, in case of non-production of the Original Bill of Lading, the Cargo could be delivered only upon issuance of a Letter of Indemnity issued by Plaintiff.

12.

On or around September 29, 2021, the Cargo contained onboard M/V ALIKI PERROTIS was mis-delivered and wrongly delivered in Cotonou, Benin.

13.

Specifically, the consignee/receivers failed to make payment for the Cargo and the M/V ALIKI PERROTIS proceeded to discharge the Cargo without the Original Bill of Lading and without any Letter of Indemnity issued by Plaintiff.  The Cargo should not have been discharged without the Original Bill of Lading and/or issuance of a Letter of Indemnity pursuant to clause 34 of the Charter Party.

14.

The Defendants informed Plaintiff that the Cargo was to reach the destination port, Cotonou, Benin, on September 29, 2021.  At that time Plaintiff instructed Defendants that the consignee/receivers had failed to make payment for the Cargo and that the Original Bill of Lading was still in Plaintiff's possession and that the Plaintiff had not issued a Letter of Indemnity.

15.

The Cargo should not have been delivered, mishandled, discharged to anyone without production of the Original Bill of Lading or the issuance of a Letter of Indemnity by Plaintiff. However, the Cargo was delivered, mishandled, and discharged without the production of the Original Bill of Lading or the issuance of a Letter of Indemnity.

16.

Upon information and belief, the M/V ALIKI PERROTIS will be in Mobile, Alabama, to load unrelated cargo consisting of coal at McDuffie Coal Terminal, and is subject to arrest by Plaintiff for the mishandled and lost Cargo.

17.

The mishandled and lost Cargo has caused damages for the Plaintiff in the principal amount of approximately $309,400.  Accordingly, Plaintiff has maritime tort and contract liens against the M/V ALIKI PERROTIS in the amount of $309,400 in addition to any further losses incurred by the Plaintiff.

18.

The mishandling and loss of the Cargo onboard the M/V ALIKI PERROTIS and damages were in no way attributable to any fault, negligence or want of care on the part of Plaintiff, but rather was the result of, and caused by the fault, negligence and want of care of the M/V ALIKI PERROTIS, Pajson Trading, Alikon Corp., or others for whom they are responsible, in the following non-exclusive respects:

1.    By failing to adhere to the contract provisions in the Charter Party Agreement;

2.    By failing to adhere to Bill of Lading No. AP-KKD-31, dated August 21, 2021;

3.    By failing to use due care under the circumstances;

4.    By failing to take appropriate corrective actions;

5.    By discharging the Cargo in the absence of an Original Bill of Lading;

6.    By discharging the Cargo in the absence of a Letter of Indemnity;

7.    By failing to train and/or supervise the crew on the handling and discharging of Cargo; and

8.    Any and all acts of negligence, fault, statutory violations and/or lack of due care,

to be proven at trial.

19.

Plaintiff, as charterers of the ALIKI PERROTIS, have a contractual claim against the Disponent Owners, Pajson Trading, for the losses flowing from the mis-delivery pursuant to the charterparty and for breach of the Disponent Owners' obligation to deliver the cargo.

20.

Plaintiffs also have claims against the registered owners of the vessel, Alikon Corporation, contractually under the Bill of Lading and for breach of the shipowner's duties to the shipper and charterer in tort and bailment. Upon information and belief, the shipowner's P&I Club have confirmed in writing that the holders of the bill of lading have a contract with the shipowner. Plaintiff's claims under the bill of lading are subject to London Arbitration.

21.

Plaintiff has suffered and will suffer extensive pecuniary damages as a result of the loss of the Cargo. According to the charterparty, bill of lading, and governing law, Plaintiff is also entitled to an award of attorneys' fees, court and arbitration costs, and pre- and post-judgment interest.

22.

Plaintiff claims one or more maritime tort and contract liens against the M/V ALIKI PERROTIS for all attendant damages directly or indirectly attributable to the circumstances described above.

23.

Plaintiff agrees to indemnify and hold harmless the U.S. Marshal and all of his deputies for any loss or damages they may suffer or incur associated with arrest of the M/V ALIKI PERROTIS.

24.

Plaintiff seeks an Order from this Honorable Court directing the Clerk of Court to issue a Writ of Attachment of the M/V ALIKI PERROTIS pursuant to Rule B of the Supplemental Rules and a Warrant of Arrest of the M/V ALIKI PERROTIS pursuant to Rule C of the Supplemental Rules for the purpose of securing Plaintiff's maritime liens and claims.  Plaintiff will also ask the Court to permit the vessel to offload its current cargo, if any, and to move to one or more safe berths within this District while under arrest.

25.

Further, Plaintiff may request one or more Orders to allow Plaintiff to perpetuate the testimony of certain foreign crew members before they leave this Jurisdiction, to obtain vessel documentation, and to conduct necessary inspections or surveys, and to appoint a substitute custodian, as explained in the accompanying motion.

**WHEREFORE**, Plaintiff prays:

1.      That a writ of attachment or other process *quasi in rem*, pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, issue against the M/V ALIKI PERROTIS, and that all persons claiming any interest therein be cited to appear and answer under oath all and singular the matters aforesaid;

2.      That a warrant for arrest or other process *in rem*, pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims, issue against the M/V ALIKI PERROTIS, and that all persons claiming any interest therein be cited to appear and answer under oath all and singular the matters aforesaid;

3.      That after the owners or disponent owners post necessary and proper security in favor of Plaintiffs, this matter be stayed pending arbitration in London according to the charterparty and bill of lading;

4.      That following the conclusion of arbitration, this Court may enforce any award in favor of Plaintiff for damages, interest, costs, and attorneys' fees associated with this Complaint;

5.      Plaintiff reserves the right to amend this complaint to include any additional claims as may become available after further investigation and/or discovery; and

6.      That the Court may grant such other and further relief as may be just in the circumstances.

Respectfully submitted,

*s/ Todd G. Crawford*
Todd G. Crawford, ASB-7688-R70T
**LUGENBUHL, WHEATON, PECK,**
**RANKIN & HUBBARD**
601 Poydras Street, Suite 2775
New Orleans, LA 70130
Telephone: (504) 568-1990
Facsimile: (504) 310-9195
Email: tcrawford@lawla.com
***Attorneys for Shri Balaji Global***

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ALABAMA**

| | | |
|---|---|---|
| SHRI BALAJI GLOBAL INC. | * | CIVIL ACTION NO. |
| | * | |
| | * | SECTION " " ( ) |
| VERSUS | * | |
| | * | JUDGE |
| *M/V ALIKI PERROTIS,* | * | |
| HER TACKLE, EQUIPMENT | * | MAG. JUDGE |
| AND APPURTENANCES, *in rem*, and | * | |
| Pajson Trading DMCC and Alikon Corp., | * | |
| *in personam* | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## VERIFICATION AFFIDAVIT AND DECLARATION

I, Todd G. Crawford, hereby declare under penalty of perjury that the following facts are true and correct to the best of my knowledge, information, and belief.

1) I am a member in good standing of the bar of this Honorable Court and an attorney in the firm of Lugenbuhl, Wheaton, Peck, Rankin & Hubbard, APLC, attorneys for Shri Balaji Global.

2) I have read the foregoing Verified Complaint for Maritime Arrest and believe the contents thereof to be true.

3) My knowledge and belief are based upon facts and documents supplied by Shir Balaji Global, as well as my review of said facts and documents.

4) Pursuant to applicable local rules, Shri Balaji Global agrees to hold harmless and indemnify the U.S. Marshal and all of his deputies from and against any and all liabilities they may suffer or incur as a result of arresting the M/V ALIKI PERROTIS. I declare under penalty of perjury that the foregoing is true and correct.

**TODD G. CRAWFORD**

SWORN TO AND SUBSCRIBED BEFORE ME
This _21_ day of April, 2022

Notary Public/Bar No. _26851_
My Commission Expires: _at death_





# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| SHRI BALAJI GLOBAL INC. | * | CIVIL ACTION NO. |
| | * | |
| | * | SECTION " " ( ) |
| VERSUS | * | |
| | * | JUDGE |
| *M/V ALIKI PERROTIS,* | * | |
| HER TACKLE, EQUIPMENT | * | MAG. JUDGE |
| AND APPURTENANCES, *in rem*, and | * | |
| Pajson Trading DMCC and Alikon Corp., | * | |
| *in personam* | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## VERIFICATION OF COUNSEL UNDER SUPPLEMENTAL RULE B(1)(B)

1.     My name is Todd G. Crawford.  I am an attorney for Plaintiff, Shri Balaji Global Inc. ("Shri").  I make this declaration under penalty of perjury according to 28 U.S.C. § 1746(2) (declaration in lieu of affidavit).

2.     I have reviewed Shri's Verified Complaint in this action.

3.     Rule B of the Supplemental Rules for Admiralty or Maritime Claims & Asset Forfeiture Actions authorizes a plaintiff to attach a defendant's property located within the district where the action was filed if the defendant cannot be "found within the district" when the verified complaint is filed.  FED. R. CIV. PROC. B(1)(a).

4.     Upon information and belief, defendant Alikon Corporation owns *in rem* the ALIKI PERROTIS, which is currently located at Pinto Island in Mobile, Alabama, within this District.

5.     Under Alabama law, service of process on a domestic or foreign corporation or upon a partnership, limited partnership, limited liability partnership, limited liability company, or unincorporated orgaizantion or association is made by serving an officer, a partner (other than a limited partner), a managing or general agent, or any agent authoritzed by appoitment or by law to receive service of process.  ALA. R. CIV. P. 4.

6.      The *in personam* defendant, Pajson Trading DMCC, is upon information and belief, a foreign corporation headquartered outside the United States, with an address at Office C, 24th Level, Gold Tower, Cluster 1, Dubai, United Arab Emirates.  At all material times, Pajson Trading was the charterer or disponent owner of the ALIKI PERROTIS.  As shown by the attached affidavit of counsel for plaintiff, Pajson Trading cannot be found within this District.

7.      The *in personam* defendant, Alikon Corporation, is upon information and belief, a foreign corporation headquartered outside the United States, with an address of 59 Konstantinou Karamanli Street, Marousi, 152 25 Athens, Greece.  At all material times, Alikon Corp. was the registered owner of the ALIKI PERROTIS.  As shown by this affidavit of counsel for plaintiff, Alikon Corp. cannot be found within this District.

8.      Upon information and belief, no officer, director, or any other employee of Pajson Trading DMCC or Alikon Corporation reside or maintain a presence within this District, and Pajson Trading DMCC or Alikon Corporation do not regularly conduct business within this District.

9.      Given the foregoing, Pajson Trading DMCC and Alikon Corporation cannot be found within the Southern District of Alabama for purposes of Supplemental Rule B.

10.     I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed in New Orleans, Louisiana, on April 21, 2022.

_____

**TODD G. CRAWFORD**

Page **2** of **2**